**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 1:11-CR-123 |
| | § | |
| DERRICK JOHN SUTTON (1) | § | |

### MEMORANDUM AND ORDER

Pending before the court are Defendant Derrick John Sutton's ("Sutton") *pro se* Letter Motion (#56), wherein he seeks early release from his term of imprisonment.  Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.    Background

Sutton is currently serving a 110-month term of imprisonment, which was imposed after he pleaded guilty to Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j).  In the instant motion, Sutton contends that he has been rehabilitated and, therefore, requests that the court grant him early release from his term of imprisonment.

II.   Analysis

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited.  *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011).  Pursuant to 18 U.S.C. § 3582(c), a district court is authorized to modify a previously imposed term of imprisonment only under the following circumstances:  (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant,

indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; (3) when the defendant has provided substantial assistance and the government moves for a sentence reduction; or (4) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c); *see Banks*, 770 F.3d at 348; *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010).

Here, Sutton fails to assert grounds for modification of his prison sentence that fall into any of the above-listed categories.  Therefore, the court does not have authority to alter his sentence. *See United States v. Haley*, 401 F. App'x 913, 914 (5th Cir. 2010) (citing *United States v. Harris*, 574 F.3d 971, 972 (8th Cir. 2009) (opining that the district court does not have authority to revisit the consecutive versus concurrent sentencing decision)); *United States v. Castelan*, 73 F. App'x 80, at *1 (5th Cir. 2003) (holding that "[t]he district court is prohibited from modifying a term of imprisonment once it has been imposed except in certain limited circumstances") (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)); *United States v. Aguilar*, No. C-02-278, 2009 WL 2923052, at *4 (S.D. Tex. Sept. 1, 2009).  Further, "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding." *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (quoting *Dillon v. United States*, 560 U.S. 817, 825 (2010)).  Thus, Sutton's motion to modify his sentence is denied.

2

SIGNED at Beaumont, Texas, this 15th day of July, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE